# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 12, 2012

## BRENDA HOLLIMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-00684-85      W. Otis Higgs, Jr., Judge**

_____

**No. W2011-01071-CCA-R3-CO  - Filed August 31, 2012**

_____

A Shelby County jury convicted petitioner, Brenda Holliman, of first degree murder and conspiracy to commit first degree murder.  The trial court sentenced her to life imprisonment without the possibility of parole.  Subsequently, she filed the instant petition for a writ of error coram nobis, claiming that a co-defendant recanted statements he made at his guilty plea hearing and that the recantation constitutes newly discovered evidence.   The coram nobis court summarily dismissed the petition based on the statute of limitations. Following our review, we reverse the judgment of the coram nobis court and remand the matter for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Reversed and Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the appellant, Brenda Holliman.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Theresa McCusker and Kirby May, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Procedural History

Following an unsuccessful direct appeal to this court, *State v. Brenda Holliman*, No. W2003-01736-CCA-R3-CD, 2005 WL 819735 (Tenn. Crim. App. April 8, 2005), *perm. app.*

*denied* (Tenn. Oct. 24, 2005), petitioner filed a timely petition for post-conviction relief.[1] While the post-conviction petition was pending, petitioner filed this petition for a writ of error coram nobis on March 26, 2010.

In her petition for a writ of error coram nobis, petitioner raises for the first time a claim of newly discovered evidence based on the recantation of her co-defendant James Rodney Mills. On August 24, 2009, a reporter from a Memphis television channel interviewed Mills. During the interview, Mills recanted statements he made at his guilty plea hearing implicating petitioner in the first degree murder and conspiracy to commit first degree murder. He stated that he exaggerated petitioner's involvement to avoid the death penalty. Petitioner amended her petition in June 2010 to include a sworn statement from Mills to that effect.

In the statement, Mills said that he and co-defendant Faglier met with petitioner and told her they were going to kill her husband, and they would kill her if she did not "go along" with their plan. He further stated that after he and Faglier killed petitioner's husband, they told her that if she made any mistakes when she spoke with police, one of them would kill her before police could arrest them both. He said that when he was indicted, members of the district attorney general's office and his attorney told him he would receive the death penalty for his crimes. For that reason, he said whatever "they" wanted him to say. He accused Faglier of lying about petitioner's involvement to save himself. Finally, he stated that petitioner is lucky to be alive because Faglier wanted to kill her when they did not receive the insurance money.

The State defended the petition by raising the one-year statute of limitations. The State argued that the judgment denying petitioner's motion for new trial was entered on March 28, 2003; therefore, the one-year statute began to run on April 28, 2003, and expired on April 28, 2004. Petitioner responded that the statute of limitations should be tolled in the interest of due process.

The coram nobis court held a hearing on the petition on August 10, 2010. The sole issue argued during the hearing was the timeliness of petitioner's filing, i.e., whether the court should toll the applicable one-year statute of limitations. The court took the matter under advisement, during which time petitioner filed a pleading entitled "Statement in Support of Tolling Statute of Limitations for Petition for Relief Under Writ of Error Coram

---

[1] Petitioner's appeal from the denial of post-conviction relief was resolved unfavorably to petitioner on August 9, 2012. *Brenda Holliman v. State*, No. W2011-00201-CCA-R3-PC, 2012 WL 3249606 (Tenn. Crim. App. Aug. 9, 2012).

Nobis" on November 15, 2010. The coram nobis court entered an order dismissing the petition on April 8, 2011. This appeal follows.

## II. Analysis

### A. Standard of Review

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Our legislature has limited the relief available through the writ:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (Supp. 2011). To demonstrate she is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

First, the petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)). The record reflects that petitioner complied with the initial requirements in her petition for relief.

Next, a petition for writ of error coram nobis must generally be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103 (2000). When a petition is filed outside of the statute of limitations, the coram nobis court must determine whether due process requires tolling. *State v. Harris*, 301 S.W.3d 141, 145 (Tenn. 2010). In doing so, the "court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Id*. (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). A court should utilize the following three-step analysis to balance the competing interests:

(1)     determine when the limitations period would normally have begun to run;

(2)     determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3)     if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (citing *Sands v. State*, 903 S.W.2d 297, 301 (Tenn.1995)).

As previously noted, the coram nobis court held a hearing on the sole issue of whether the statute of limitations should be tolled in this case. The court held that there was an "unreasonable delay" in petitioner's filing of her petition for relief and that the period "exceed[ed] the reasonable opportunity afforded by due process," thus denying her the opportunity for a hearing on the merits.

Our analysis of the coram nobis court's ruling involves application of the factors set forth in *Harris*, *supra*. It is undisputed that the one-year statute of limitations began on April 28, 2003, and expired on April 28, 2004. Petitioner filed her petition on March 26, 2010, and argued in the coram nobis court that the statute of limitations should be tolled in the interest of due process. We find, from our review of the record, that petitioner's asserted grounds for relief arose after the limitations period would have commenced. The news reporter did not interview co-defendant Mills until August 24, 2009. From the information available in the record, the August 24, 2009 interview was the first statement given by Mills in which he recanted the testimony he gave at his guilty plea hearing. Petitioner filed her petition for coram nobis relief on March 26, 2010. Thus, there was no unreasonable delay in filing the petition after the newly discovered evidence became known. Finally, we conclude that "a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Id.* Accordingly, we reverse the coram nobis court's

ruling that petitioner's later-arising claim is barred by the statute of limitations and remand for a hearing on the merits of her claim.

We recognize that co-defendant Mills did not testify at petitioner's trial and that any statement or testimony he offers at the coram nobis hearing would be largely impeaching in nature because it would refute much of the testimony of the State's primary material witness, Faglier. However, "whether the testimony qualifies as impeachment evidence may be relevant in the determination but is not controlling." *Vasques*, 221 S.W.3d at 527. Our supreme court has noted that "a complete restriction on the availability of coram nobis relief in the case of any newly discovered impeachment evidence would be inconsistent with the discretion afforded to our trial courts." *Id.* Thus, on remand, the ultimate question is the effect of the newly discovered evidence on the outcome of petitioner's case when viewed under the standards set forth by the court in *Mixon*, *Workman*, and *Vasques. Id.*

## CONCLUSION

Upon review of the record and the prevailing legal authorities, we reverse the judgment of the coram nobis court summarily dismissing the petition and remand for a merits hearing on the petition for a writ of error coram nobis.

_____
ROGER A. PAGE, JUDGE