IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2013

**BILLY RAY IRICK v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 99054     Mary Beth Leibowitz, Judge**

**No. E2012-01326-CCA-R3-PD-FILED-March 18, 2013**

Petitioner, Billy Ray Irick, filed a motion to reopen his error coram nobis proceedings or, in the alternative, a second petition for writ of error coram nobis. In his pleading, he reasserted the grounds underlying his first petition for the writ and added claims of judicial misconduct pertaining to the judge in his first coram nobis proceedings. The coram nobis court in the instant case denied relief, and this appeal follows. Discerning no error, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

C. Eugene Shiles, Jr., and Howell G. Clements, Chattanooga, Tennessee, for the appellant, Billy Ray Irick.

Robert E. Cooper, Jr., Attorney General and Reporter; James E. Gaylord, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Leland Price and Kenneth Irvine, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

I. Procedural History

On November 1, 1986, a Knox County jury convicted petitioner of first degree felony murder and two counts of aggravated rape of a seven-year-old child. *State v. Irick*, 762 S.W.2d 121, 124 (Tenn. 1988). The jury sentenced him to death on the murder conviction, and the trial court sentenced him to forty years for each aggravated rape conviction, to be served concurrently with each other and consecutively to the sentence imposed for murder.

*Id.* The Tennessee Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Id.* at 135. He then filed an unsuccessful petition for post-conviction relief. *Irick v. State*, 973 S.W.2d 643, 644 (Tenn. Crim. App. 1998), *perm. app. denied* (Tenn. June 15, 1998). This court affirmed the denial of post-conviction relief, and the supreme court denied discretionary review. *Id.* Petitioner also unsuccessfully challenged his convictions and sentence in federal habeas corpus proceedings. *Irick v. Bell*, 565 F.3d 315 (6th Cir. 2009).

On May 10, 2010, the State filed a motion with the Tennessee Supreme Court asking the court to set an execution date for petitioner. *State v. Irick*, 320 S.W.3d 284, 287 (Tenn. 2010). Petitioner responded, claiming that he was incompetent to be executed and requesting a hearing to determine his competency. *Id.* On July 19, 2010, the court granted the State's motion, set petitioner's execution date for December 7, 2010, and remanded the matter to the trial court for an "expeditious determination" of petitioner's competency. *Id.* Following a two-day competency hearing, the trial court entered an order on August 20, 2010, finding petitioner competent to be executed. *Id.* Petitioner appealed directly to the supreme court, which affirmed the judgment of the trial court. *Id.*

Petitioner subsequently filed a petition for writ of error coram nobis on October 14, 2010, claiming that newly discovered evidence proved that he was insane at the time of the offenses due to severe mental illness. *Billy Ray Irick v. State*, No. E2010-02385-CCA-R3-PD, 2011 WL 1991671, at *7 (Tenn. Crim. App. May 23, 2011), *perm. app. denied* (Tenn. Aug. 25, 2011). The coram nobis court denied relief, and this court affirmed the denial both on the merits and because the petition was time-barred. *Id.* at *19.

On March 5, 2012, petitioner filed a motion to reopen his coram nobis proceedings, or alternatively, a second petition for coram nobis relief. In his petition, he "incorporates by reference all grounds for relief raised . . . in his original [p]etition" and also alleges "structural constitutional error surrounding the judicial corruption, official misconduct, appearance of bias, and drug addiction of the former judge who ruled on [his] first petition." The coram nobis court denied relief. This appeal follows.

## II. Analysis

As an initial matter, we must determine whether petitioner's pleading in the coram nobis court should be treated as a motion to reopen coram nobis proceedings or a second petition for the writ. In ruling on this issue, the coram nobis court wrote:

> The limited availability of relief under the writ of error coram nobis presents the petitioner difficulties in this case. As an initial matter, although a petitioner may file a petition to reopen a post-conviction petition, and

although nothing prevents a petitioner from filing successive coram nobis petitions, this Court is unaware of any authority permitting a petitioner to file a motion to reopen a previous coram nobis proceeding. Thus, the Court may well be unable to consider the instant petition if treated as a motion to reopen the prior coram nobis proceedings.

We agree with the coram nobis court. Petitioner has failed to cite to any authority permitting a petitioner to reopen coram nobis proceedings, and this court has found no such precedent. The Post-Conviction Procedure Act clearly anticipates that an unsuccessful petitioner may file a motion to reopen post-conviction proceedings. Tenn. Code Ann.§ 40-30-102 (2012). However, the statute governing petitions for writ of error coram nobis contains no such remedy. Tenn. Code Ann.§ 40-26-105 (2012). To the contrary, the statute designates that a "petitioner or the state may pray an appeal in the nature of a writ of error to the court of criminal appeals from the final judgment in this proceeding" but does not provide any other such avenue for relief. *Id.*§ 40-26-105(d). This court will not craft a remedy where the legislature specifically declined to do so. Accordingly, we review petitioner's pleading in the instant appeal as a second petition for writ of error coram nobis.

## A. Standard of Review

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Our legislature has limited the relief available through the writ:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (2012). To demonstrate he is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

First, the petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)). In his brief to this court, Petitioner did not address any of the four conditions precedent to consideration of a petition for writ of error coram nobis. Thus, we could conclude that he has waived review. However, in his petition in the instant case, petitioner incorporated by reference the grounds raised and arguments made in support of his first petition for coram nobis relief. Petitioner has also based this appeal on the improper out-of-court conduct of the judge who presided over his original error coram nobis proceedings. Because petitioners may, as the coram nobis court noted, file subsequent petitions, we will review his claims on the merits to promote judicial economy.

### 1. Grounds Asserted in Previous Petition for Writ

A petition for writ of error coram nobis must generally be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103 (2000). When a petition is filed outside of the statute of limitations, the coram nobis court must determine whether due process requires tolling. *State v. Harris*, 301 S.W.3d 141, 145 (Tenn. 2010).

In petitioner's first error coram nobis proceedings, the only evidence received by the coram nobis court was documentary in nature. Petitioner presented affidavits from lay witnesses, as well as affidavits from medical experts. The coram nobis court was not charged with making findings with regard to the credibility of witnesses. Our court of appeals and supreme court have held that "with regard to expert opinion that appears in the record purely in the form of written documents, an appeals court 'may draw its own conclusions about the weight and credibility of that testimony, since we are in the same position as the trial judge.'" *Burden v. Burden*, 250 S.W.3d 899, 905 (Tenn. 2007) (quoting *Krick v. City of Lawrenceburg*, 945 S.W.2d 709, 712 (Tenn. 1997)).

In our opinion affirming the denial of the first petition for writ of error coram nobis, this court summarized petitioner's argument and evidence that he claimed to be newly discovered. *Billy Ray Irick*, 2011 WL 1991671, at *8-14. We determined that

[b]ecause due process considerations do not require a tolling of the statute of limitations under the circumstances presented in this case, the petition for writ of error coram nobis is time-barred. Furthermore, had it not been time-barred, we would agree with the coram nobis court that the petitioner failed to establish that admission of the proffered evidence might have resulted in a different outcome.

*Id.* at *19. In this appeal, to the extent petitioner relies on the grounds set forth in his original petition, we will not disturb our prior ruling. We again deny petitioner relief on these claims.

## 2. Judicial Misconduct

As previously noted, petitioner has raised no new issues in his second petition for writ of error coram nobis other than those claims related to the competency of the judge who presided over his first coram nobis proceedings. Petitioner made several factual allegations about the judge's illegal drug use, instances of presiding over cases while incapacitated, and various acts of judicial misconduct, all of which he alleged began in 2008 and continued through the pendency of his coram nobis proceedings. The coram nobis court in the instant case wrote:

> The limited nature of the coram nobis proceedings would also present difficulty were this Court to treat the petition as a second petition for writ of error coram nobis. The coram nobis statute makes clear that "a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters *which were litigated at trial*[.]" This Court is unaware of any authority allowing for coram nobis relief when the "newly discovered evidence" at issue is wholly unrelated to matters [that] were litigated at trial. Thus, the petitioner's stated issues do not appear cognizable in a coram nobis action.

(alteration in original).

The coram nobis court is correct. Petitioner's grievances with the first coram nobis judge do not relate to matters that were litigated at trial. *See* Tenn. Code Ann. § 40-26-105(b) (2012). Such claims are not cognizable in coram nobis proceedings.

The Tennessee Supreme Court has considered a similar issue involving the conduct of the same trial judge. In a prior case, our high court stated, "We are aware of no authority holding that a trial judge's misconduct outside the courtroom constitutes structural error when there is no showing or indication in the record that the trial judge's misconduct affected the trial proceedings." *State v. Letalvis Cobins, LeMaricus Davidson, and George Thomas*,

No. E2012-00448-SC-R10-DD, at 3 (Tenn. May 24, 2012) (order granting State's application for extraordinary appeal).[1] Likewise, in this case, our thorough review of the record of the first coram nobis hearing at issue reveals no evidence that any misconduct or impairment by the trial judge affected the integrity of the proceedings.

We note that the court in the instant coram nobis proceedings aptly concluded that petitioner's initial "grounds for relief would have been time-barred regardless of [the judge's] mental state at the time he presided over [petitioner's] initial coram nobis proceedings." On appeal from his first coram nobis proceedings, this court considered the evidence and concluded that even though the alleged grounds were later-arising, they were nonetheless time-barred. *Billy Ray Irick*, 2011 WL 1991671, at *19. This court also concluded, "The petitioner failed to establish that, had the later-arising evidence been admitted in the original trial, it would have changed the outcome." *Id.*

This court also noted that "[a]t the November 5, 2010 coram nobis hearing, the petitioner presented no additional evidence, relying only upon the evidence previously admitted in other hearings and the affidavits attached to the coram nobis petition." *Billy Ray Irick*, 2011 WL 1991671, at *15. For the reasons set forth herein, this court's conclusions are not affected by the mental state of the judge who presided over the proceedings. Accordingly, petitioner is not entitled to error coram nobis relief.

## CONCLUSION

Based on the record as a whole, the parties' briefs, and controlling case law, we affirm the judgment of the coram nobis court.

_____
ROGER A. PAGE, JUDGE

---

[1] This order can be accessed at http://www.tncourts.gov/sites/default/files/docs/state_v._cobbins_ord.pdf.