**STATE of Tennessee**

v.

**Jason Allen RUIZ.**

Supreme Court of Tennessee, at Nashville.

June 7, 2006 Session.

Sept. 13, 2006.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Preston Shipp, Assistant Attor-

ney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney, for the Appellant, State of Tennessee.

John S. Colley, III, Columbia, Tennessee, for the Appellee, Jason Allen Ruiz.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

We granted this appeal to address the proper standard of review for applications to suspend the balance of a sentence previously imposed. We hold that appellate courts should reverse a trial court's grant or denial of such applications only upon finding an abuse of discretion. Finding no error by the trial court in this case, we reverse the Court of Criminal Appeals.

## FACTUAL BACKGROUND

Defendant, Jason Allen Ruiz, pleaded guilty in December 2003 to one count of selling one-half gram or more of cocaine, a Class B felony.[1] *See* Tenn.Code Ann. § 39–17–417(c)(1) (Supp.2002). Defendant entered his guilty plea with no agreement as to his sentence. A sentencing hearing was later held during which Defendant testified. During cross-examination, the prosecutor asked Defendant to disclose the source of the cocaine Defendant had sold. Defendant refused to name his source, citing concerns for his and his family's safety.

The trial court sentenced Defendant as a standard Range I offender and determined that the minimum sentence of eight years was appropriate. As to manner of service, the trial court ordered Defendant to serve eleven months, twenty-nine days on work release in the local jail with the balance of the sentence to be served on probation.[2] The trial court stated at the conclusion of the sentencing hearing that Defendant could petition the court for early release after serving 120 days and that "if counsel and the State have arrived at some accord regarding the defendant's sources, then the Court will grant that motion. So in effect it is this way: If he says there is no way that I will tell, then he will do a year." The trial court reflected this portion of its ruling on the written judgment order by indicating in the "Special Conditions" area of the judgment that Defendant "may apply for early release" after serving 120 days. Defendant did not appeal the sentence imposed by the trial court.

After serving almost five months of his sentence, Defendant filed a pleading styled "Motion to Suspend Sentence" in which he requested the court to "suspend the balance of his sentence." As grounds, the motion asserted that Defendant "has excelled on work release" during his time in custody. The trial court held a hearing during which it heard argument but no testimony. Counsel stipulated that jail personnel would testify, "No trouble with [Defendant]. No write ups while at the jail. Done what he is supposed to do while on work release." The trial court asked

1. Defendant also pleaded guilty to a second count of delivering more than one-half gram of cocaine, which the trial court merged into the first count.

2. The trial court stated during the sentencing hearing that it was ordering Defendant to serve eleven months, twenty-nine days in the Marshall County jail. The "Special Conditions" area of the judgment order specifies

that Defendant is "to serve 11 months 29 days." However, the judgment order erroneously designates the Tennessee Department of Correction as the place to which Defendant was sentenced. We hereby direct the trial court to correct the judgment order by specifying that the place of Defendant's sentence is the county jail. *See* Tenn.Code Ann. § 40–35–314(a) (2003); Tenn. R.Crim. P. 36.

Defendant's counsel if Defendant had revealed his drug source, and counsel replied that Defendant continued his refusal to do so. The court responded:

> The Court has outlined what it feels is a justifiable reason to make inquiry of the defendant's associates for two reasons.
>
> One, it demonstrates to the Court that the defendant is prepared to break his ties to that past that led him to come before the Court; and two, it provides the Court a mechanism by which the Court's probation staff can assure that the defendant is abiding by terms and conditions because one of those terms and conditions would be that there would be no association of the defendant with any of his prior drug contacts in the future.
>
> . . . .
>
> This defendant elected to not answer the questions of the attorney general [sic] at the sentencing hearing concerning the persons that he was dealing with that were supplying drugs for him to sale [sic], and the Court used that, among other things, as a bas[i]s and is using it specifically today as a bas[i]s for not granting your request for early release.

The court rejected Defendant's claim of concern for his and his family's safety, noting that Defendant had the opportunity to disclose his source in confidence to the prosecutor. The trial court thereupon denied Defendant's request for early release.

On direct appeal, the Court of Criminal Appeals reversed the trial court and suspended the balance of Defendant's sentence of confinement upon concluding that "the trial court improperly considered [Defendant's] refusal to reveal his drug sources." We granted review.

### ANALYSIS

The Criminal Sentencing Reform Act of 1989 ("the Act") provides that, where a defendant is sentenced to confinement in a local jail or workhouse for no greater than one year followed by a period of probation ("split confinement"), the defendant may apply to the sentencing court at any time during the period of confinement "to have the balance of the sentence served on probation supervision." Tenn.Code Ann. § 40–35–306(c) (2003). Defendants may make such applications "at no less than two-month intervals." *Id.* The pleading under review is Defendant's first application to have the balance of his sentence suspended.[3]

■ The Court of Criminal Appeals reviewed de novo the trial court's denial of Defendant's application. In so doing, the intermediate court used the standard of review applicable to appeals from a trial court's original sentencing decision. *See id.* § 40–35–401(d) (2003). Although this Court has not previously addressed the issue of which standard of review should be employed in reviewing a trial court's denial of a subsequent application to suspend the balance of a sentence, we now hold that such rulings are subject to an abuse of discretion review. Under the facts of this case, we conclude that Defen-

---

3. In his motion to suspend sentence, Defendant did not reference the statutory authority under which he was requesting relief, nor was any reference made during the hearing. The intermediate court referred to Tennessee Code Annotated section 40–35–314(c) (2003), which provides that defendants sentenced to confinement in the local jail or workhouse may petition to alter the manner of service of their sentence. This provision appears to provide authority for Defendant's motion. However, Tennessee Code Annotated section 40–35–306(c) is directed specifically at those, like Defendant, who are serving sentences of split confinement. Similarly, section 40–35–307(f) (2003) provides for the possibility of suspension of the balance of a sentence of periodic confinement. Our analysis under section 40–35–306(c) is equally applicable to these other provisions.

dant has demonstrated no such error. Accordingly, we reverse the judgment of the Court of Criminal Appeals.

### A. Standard of Review

■ The Act provides that a "defendant in a criminal case may appeal from the length, range or the manner of service of the sentence imposed by the sentencing court. The defendant may also appeal the imposition of consecutive sentences." *Id.* at (a). The Act does not define the term "the sentence imposed." We think it obvious, however, that the term refers to the sentence imposed by the trial court upon its consideration of the relevant proof offered at the sentencing hearing and the court's evaluation of that proof in light of the applicable provisions of the Act. That is, "the sentence imposed" is the sentence incorporated into the judgment order, from which a defendant has thirty days to appeal.[4] *See id.;* Tenn. R.App. P. 4(a). Thus, grounds for an appeal from "the sentence imposed" include "(1) [t]he sentence was not imposed in accordance with ... chapter [thirty-five of the Act]; or (2)[t]he enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in [section] 40–35–103 [of the Act]." Tenn.Code Ann. § 40–35–401(b). Review of such appeals shall be de novo "with a presumption that the determinations made by the court from which the appeal is taken are correct." *Id.* at (d).

■ The order appealed from in this case, however, is not the judgment order and does not involve "the sentence imposed" by the trial court. Defendant chose not to appeal "the sentence imposed" by the trial court. Instead, the order appealed from in this case is the trial court's subsequent refusal to *alter* "the sentence imposed" by granting Defendant's request to be released earlier than called for in "the sentence imposed." The order appealed from is the trial court's denial of Defendant's application to have the balance of his ordered confinement served on probation supervision, which application was made pursuant to Tennessee Code Annotated section 40–35–306(c). Such appeals are not contemplated by section 40–35–401.

■ Rather, an application to suspend the balance of a sentence is akin to a motion to reduce a sentence. *See* Tenn. R.Crim. P. 35(a) (2006) ("The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked."). Both pleadings ask a trial court to reconsider the sentence it originally imposed in favor of increased leniency. Accordingly, appeals from Rule 35 motions to reduce sentences are "separate and distinct" from appeals seeking review of the original judgment, including the sentence imposed. *State v. Bilbrey,* 816 S.W.2d 71, 75 (Tenn. Crim.App.1991). Moreover, a trial court's denial of a Rule 35 motion is not the equivalent of imposing a sentence but simply reaffirms the sentence previously imposed. *Id.* at 76. A different standard of review is therefore appropriate.

The Court of Criminal Appeals has recognized that motions to reduce sentences pursuant to Tennessee Rule of Criminal Procedure 35 are reviewed under an abuse of discretion standard. *See State v. Irick,* 861 S.W.2d 375, 376 (Tenn.Crim.App.1993), *perm. appeal denied* (Tenn. Aug. 2, 1993). A panel of that court, in an unreported decision, has also applied an abuse of discretion standard of review to an application to suspend the balance of a sentence

---

**4.** Alternatively, of course, "the sentence imposed" may be that incorporated into the judgment order upon a trial court's accep-

tance of a guilty plea and plea-bargained sentence.

made pursuant to section 40–35–306(c). *See State v. McBride*, No. 01C01–9610–CC–00437, 1997 WL 672653, at *1 (Tenn. Crim.App. Oct.30, 1997). We now confirm that applications to suspend the balance of a period of confinement, made pursuant to section 40–35–306(c), are subject to review under an abuse of discretion standard, whether or not the trial court holds a hearing.

### B. Determining Abuse of Discretion

■ As this Court has stated many times, an appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining. *See, e.g., Howell v. State*, 185 S.W.3d 319, 337 (Tenn.2006). The correct legal standard to apply to a defendant's application to suspend the balance of his or her sentence, which application has been made pursuant to Tennessee Code Annotated section 40–35–306(c), is a matter of first impression before this Court. Again, we look for guidance to the analogous Rule 35 motion to reduce sentence. The Advisory Commission Comments to that Rule provide that "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R.Crim. P. 35, Advisory Commission Comments. This Court, too, has recognized that "[t]he intent of Rule 35(b) is to allow modification in circumstances where an alteration of the sentence may be proper in the interest of justice." *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn.1991). Indeed,

the Court of Criminal Appeals has affirmed a trial court's denial of a Rule 35 motion where the defendant "failed to show that post-sentencing information or developments had arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn.Crim.App.1994).

■ We now hold that the applicable legal standard for evaluating applications to suspend the balance of a sentence, made pursuant to Tennessee Code Annotated section 40–35–306(c), is the same as that applied to a motion to reduce sentence: whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice.

■ In this case, the only proof of post-sentencing circumstances offered in support of Defendant's application was a stipulation to the effect that Defendant was abiding by the terms of his confinement and work release. Of course, defendants are expected to comply with the terms of their sentences, and a defendant's compliance is not, in and of itself, a sufficient development to require that he or she be placed on probation earlier than initially ordered. *Cf.* Tenn.Code Ann. § 40–35–314(d) (2003) (providing that the trial court retains the authority to order a defendant serving a felony sentence in a local jail to continuous confinement in the Tennessee Department of Correction if the defendant "violates any condition or rule of the local jail"). Accordingly, the trial court did not apply an incorrect legal standard when it declined to grant Defendant's application on the basis of this proof alone.[5]

---

**5.** In support of his contention that the trial court erred as a matter of law in denying his application, Defendant urges upon us several unreported decisions by the Court of Criminal Appeals that a trial court may not deny an alternative sentence solely on the basis of a defendant's refusal to name his or her drug

source. *See, e.g., State v. Jones*, No. E2001–01639–CCA–R3–CD, 2003 WL 1103185, at *4 (Tenn.Crim.App. Mar.12, 2003); *State v. Logue*, No. W1999–01795–CCA–R3–CD, 2000 WL 1843248, at *5 (Tenn.Crim.App. Dec.15, 2000); *State v. Lee*, No. W1999–01804–CCA–

Nor can we conclude that the trial court's decision to deny Defendant's request for early release is illogical or unreasonable. The trial court indicated that it was refusing to release Defendant early because Defendant continued to refuse to name his source for the cocaine he sold. The trial court interpreted Defendant's continued silence on this point as indicative of his refusal "to break his ties to that past that led him to come before the Court" and as an impediment to verification of Defendant's compliance with that term of his probation prohibiting him from association with his prior drug contacts. That is, the trial court interpreted Defendant's continued silence as having an adverse impact on Defendant's rehabilitation. As the intermediate court has recognized, "a refusal to identify the person who supplied the drugs that the [defendant] admittedly sold demonstrates deficiencies in [his] asserted feelings of remorse and contrition, and casts doubt upon his potential for rehabilitation." *State v. Lee*, No. W1999–01804–CCA–R3–CD, 2000 WL 1840077, at *4 (Tenn.Crim.App. Dec.14, 2000), *perm. appeal denied* (Tenn. May 21, 2001). In this case, the trial court's comments to counsel upon Defendant's application for early release make clear that it remains concerned that Defendant may resume his relationship with his drug source, a logical and not unreasonable conclusion. Defendant's continued confinement will minimize that risk for at least several additional months.

## CONCLUSION

We hold that an appellate court's review of a trial court's grant or denial of a defendant's application to suspend the balance of his sentence, made pursuant to Tennessee Code Annotated section 40–35–306(c), is conducted under an abuse of discretion standard. In evaluating such applications courts must consider whether the interests of justice will be served by the early release. We further hold that the trial court did not abuse its discretion in denying Defendant's application to suspend the balance of his sentence of confinement. Accordingly, we reverse the judgment of the Court of Criminal Appeals. The costs of this cause are taxed to Defendant, Jason Allen Ruiz and his surety, for which execution may issue if necessary.

R3–CD, 2000 WL 1840077, at *4 (Tenn.Crim. App. Dec.14, 2000); *State v. Keele*, No. 02C01–9805–CC–00139, 1999 WL 150871, at *4 (Tenn.Crim.App. Mar.22, 1999). However, this case does not present that issue. Here, the trial court granted an alternative sentence of split confinement and work release. Defendant is not appealing from the trial court's sentencing decision. Defendant is appealing from the trial court's subsequent denial of *greater* leniency. The distinction is significant.