# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 12, 2012

## STATE OF TENNESSEE v. LONNIE PAYNE

### Appeal from the Shelby County Criminal Court
### No. 08-07804    Chris Craft, Judge

### No. W2010-02267-CCA-R3-CD  - Filed June 20, 2012

Lonnie Payne ("the Defendant") was convicted of violating a protective order, aggravated assault, and aggravated criminal trespass.  He received an effective sentence of five years plus eleven months and twenty-nine days in the county workhouse.  The Defendant filed a petition seeking to suspend the remainder of his sentence.  Following an evidentiary hearing, the trial court denied the petition.  The Defendant appeals, arguing that the trial court erred when it denied his request for a suspended sentence.  Upon review, we affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

James P. DeRossitt, IV, (on appeal) and Jake Erwin (at hearing), Memphis, Tennessee, for the appellant, Lonnie Payne.

Robert E. Cooper, Jr., Attorney General & Reporter; J. Ross Dyer, Senior Counsel;  Amy P. Weirich, District Attorney General; Marianne Bell, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

Following a jury trial, the Defendant was convicted of violating a protective order, aggravated assault, and aggravated criminal trespass. On January 19, 2010, the trial court sentenced the Defendant to five years plus eleven months and twenty-nine days to be served in the county workhouse. On May 27, 2010, the Defendant filed a *pro se* petition seeking to reinstate probation and suspend the remainder of his sentence. The trial court held an evidentiary hearing on the Defendant's petition on August 24, 2010.

The Defendant testified that while incarcerated he had completed an anger management course, a twelve-step alcohol program, and a transitional services program. He believed that by quitting drinking he could "see things clearer" and "didn't get angry as quick[ly]." He testified that, if released, he would stay away from the victim. He said that he would "re-enter into society with a different attitude, with a different perspective of what I want to do and how I'm going to live." The Defendant planned to live with his mother and get a job at an airport using his skills as a mechanic. He admitted on cross-examination that he did not already have a job lined up, but he believed he could get one within two weeks of being released. The Defendant also admitted that he should not have gone to the victim's house and that, by doing so, he violated a protective order. The Defendant, however, continued to maintain that the victim invited him to her house and continued to deny that he assaulted her.

The victim, Karen Collier, testified that she did not believe the Defendant had changed while incarcerated. She did not believe that he was remorseful, and she testified that she was still very afraid of him. If the Defendant were released, Collier feared that he would return to her house and that he might kill her.

---

[1] Rule 20 of the Rules of this Court provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

At the conclusion of the hearing, the trial court denied the petition. In reaching its decision, the trial court noted the Defendant's lengthy criminal record and history of probation violations. The court stated that the Defendant "just doesn't listen to courts, [he] just does what he wants to do." The trial court also noted that when sentencing the Defendant, it had previously found that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct. The trial court stated, "[the Defendant], I find, is a dangerous man. And he needs to be incarcerated and locked up as long as possible. Letting [the Defendant] out now might put this victim at risk. It also might put whatever other woman he chooses to assault and torture at risk."

The Defendant appeals, arguing that the trial court erred in denying his petition to suspend the remainder of his sentence.

Initially, we note that neither the Defendant's petition nor his appellate brief cite the statute or rule under which he sought relief in the trial court. From our review, we agree with the State that the Defendant's petition must have been brought under Tennessee Code Annotated section 41-1-605 (2006), as that statute provides the only apparent avenue for modification of the Defendant's sentence.[2] Section 41-1-605(a) provides that a trial court retains jurisdiction over a defendant sentenced to a regional workhouse during the term of the sentence "and may modify or reduce the sentence or may place the defendant on probation supervision where otherwise eligible."

We review the trial court's decision whether to grant relief pursuant to Tennessee Code Annotated section 41-1-605 under an abuse of discretion standard. State v. Teague, No. M2007-01646-CCA-R3-CD, 2008 WL 3850511, at *5 (Tenn. Crim. App. Aug. 19, 2008) (citing State v. Ruiz, 204 S.W.3d 772, 777-78 (Tenn. 2006)).[3] This Court will find an abuse of discretion "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." Ruiz, 204 S.W.3d at 778.

We have reviewed the record and conclude that the record amply supports the trial court's findings in this case. Therefore, the trial court clearly did not abuse its discretion in denying the Defendant's petition to suspend his sentence. Accordingly, we affirm the trial

_____

[2] The Defendant was not sentenced to split confinement, nor did he petition the trial court for relief within 120 days of his sentence being imposed. Consequently, neither Tennessee Code Annotated section 40-35-306(c), nor Tennessee Rule of Criminal Procedure 35(a) apply to the facts of this case.

[3] The Defendant urges on appeal that we review the trial court's sentence under the de novo standard of review we utilize in reviewing a sentence on direct appeal. This argument ignores controlling precedent on this issue.

court's denial of the Petitioner's motion to suspend the remainder of his sentence pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.


_____
JEFFREY S. BIVINS, JUDGE