# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
February 29, 2012 Session

## STATE OF TENNESSEE v. LARRY D. ROTHWELL

**Appeal from the Circuit Court for Rhea County**
**No. 16994     J. Curtis Smith, Judge**

**No. E2011-01733-CCA-R3-CD - Filed June 20, 2013**

THOMAS T. WOODALL, J., concurring.

I concur in results only. My primary disagreement with the majority's opinion is the reliance therein upon *State v. Gilley*, 297 S.W.3d 739 (Tenn. Crim. App. 2008) and *State v. Schiefelbein*, 230 S.W.3d 88 (Tenn. Crim. App. 2007) for the proposition that "Appellate review of hearsay issues is guided by the de novo standard of review." Judge Witt wrote both of these scholarly opinions, and quite candidly, I am unable to conclude that the conclusion reached therein on the issue in question is not the most appropriate legal conclusion. Nevertheless, our supreme court cited *Gilley* in a footnote in *Pylant v. State*, 263 S.W.3d 854, 871 n.26 (Tenn. 2008) and declined to adopt the de novo standard of review. After noting that Judge Witt "*advocates* for review of . . . rulings on whether the proffered testimony was hearsay under a de novo standard of review" in his dissent in this court in *Pylant v. State*, No. M2005-02721-CCA-R3-PC, 2007 WL 1890178, at *12 (Tenn. Crim. App. June 29, 2007) (Witt, J., dissenting) (emphasis added), the supreme court, in effect, declined to accept what Judge Witt advocated as the definitive standard of review and concluded the footnote by stating,

> *Although this Court continues to believe that questions concerning the admissibility of evidence are reviewed under an abuse of discretion standard*, we note that in this instance, the post-conviction court committed error under either standard of review.

*Pylant*, 263 S.W.3d at 871 n.26 (emphasis added)

I am also unable to agree with the conclusion expressed by my esteemed colleague Judge Bivins in another case. He has opined that since the supreme court in *Pylant* "stopped short of overruling the *Gilley* holding on this issue," (even though acknowledging that the supreme court "appeared to question *Gilley* on this holding.") *State v. Martin Dean Gibbs*, No. M2011-00740-CCA-R3-CD, 2012 WL 2402674, at *7 (Tenn. Crim. App. June 27, 2012)

(Bivins, J., concurring in results), then *Gilley*, as a reported decision, must be followed until overruled or modified by a court of competent jurisdiction. *See* Rule of the Supreme Court of Tennessee 4(G)(2). While an express statement that a case is overruled is the clearest way to overrule or modify an opinion, I do not read that rule of our supreme court to require such an express statement by our supreme court to accomplish the same results. Furthermore, I place no significance to the fact that our supreme court, after its opinion in *Pylant* was filed on September 25, 2008, subsequently "denied permission to appeal in *Gilley* without restriction." *Martin Dean Gibbs*, at \*7 (Bivins, J., concurring in results).

In *Swift v. Kirby*, 737 S.W.2d 271 (Tenn. 1987) our supreme court clearly stated that,

> This Court is not committed to all of the views expressed in an opinion of the intermediate appellate courts when we deny discretionary review, e.g. *Adams v. State*, 547 S.W.2d 553 (1977), *Street v. Calvert*, 541 S.W.2d 576 (1975) and *Bryan v. Aetna Life Ins. Co.*, 174 Tenn. 602, 130 S.W.2d 85 (1939).

*Swift*, at 277.

To me, any remaining question for the proper standard of review on admissibility of hearsay testimony was resolved by our supreme court in *State v. Franklin*, 308 S.W.3d 799 (Tenn. 2010). In that case the sole issue on appeal was whether certain testimony was inadmissible testimonial hearsay. *Id.*, at 809. Immediately after stating the issue, our supreme court held as follows,

*Standard of Review*

> Generally, the admissibility of evidence rests within the trial court's sound discretion, and the appellate court does not interfere with the exercise of that discretion unless a clear abuse appears on the face of the record. *Lewis*, 235 S.W.3d at 141. A trial court abuses its discretion only when it applies an incorrect legal standard or makes a ruling that is "illogical or unreasonable and causes an injustice to the party complaining.'" *Id.* (quoting *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006)).

> Whether the admission of hearsay statements violated a defendant's confrontation rights is, however, a pure question of law. *Lilly v. Virginia*, 527 U.S. 116, 125, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *Lewis*, 235 S.W.3d at 141-42. The proper application of that law to the trial court's factual findings is likewise a question of law, subject to de novo review. *Lewis*, 235 S.W.3d at 142.

*Id.*

The court in *Franklin* reaffirmed that the admissibility of evidence (in that case hearsay testimony) is the abuse of discretion standard. The court stated the issue of whether hearsay testimony violates a criminal defendant's confrontation rights is a pure question of law, and application of the law to factual findings in such a case is subject to de novo review. Once again having the opportunity to state that review of the trial court's determination that testimony is in fact hearsay is subject to a de novo standard of review as advocated in *Gilley*, our supreme court declined to do so. Accordingly, I believe *Pylant* and *Franklin* require an abuse of discretion standard of review regarding admissibility of hearsay testimony.

I also concur in results only (without analysis) with the majority's opinion on the following issues: (a) the motion to suppress; (b) the admissibility of Ms. Lewis' testimony; and (c) the admissibility of Ms. Smith's prior conviction for criminal negligent homicide.

THOMAS T. WOODALL, JUDGE