IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2014 Session

**STATE OF TENNESSEE v. CHARLES E. MAY, JR.**

**Appeal from the Criminal Court for Rutherford County
No.  F-64197B      David Bragg, Judge**

---

**No.  M2013-00280-CCA-R3-CD - Filed May 12, 2014**

---

Appellant appeals from the trial court's denial of his motion to suspend the balance of a six-year sentence he was serving in the Rutherford County jail.  He claims that the trial court erred; (1) in limiting Appellant's opportunity to present proof at the motion hearing; (2) denying his motion to suspend sentence because of a waiver included in a probation violation agreement; (3) denying Appellant's motion on an improper basis; and (4) that Appellant received ineffective assistance of counsel at the motion hearing.  Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Gerald L. Melton, District Public Defender, Murfreesboro, Tennessee, for the appellant, Charles E. May.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; and William C. Whitesell, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On April 1, 2010, Appellant, Charles E. May, Jr., pleaded guilty to two counts each of robbery, aggravated burglary, and aggravated assault.  The trial court sentenced him to an effective six-year sentence on supervised probation.

On September 7, 2011, a probation violation warrant was filed alleging Appellant had tested positive for marijuana on August 17, 2011, and failed to pay court costs and restitution. On November 18, 2011, Appellant admitted to the alleged violations, he received four days of jail credit and agreed "to serve sentence and waive application for a suspended sentence if violates probation (Unless basis is inability to pay)."

On June 4, 2012, a second probation violation warrant was filed alleging that Appellant had received a citation for drug possession; twice traveled to Georgia without his probation officer's permission; and again failed to pay court costs and restitution. After a probation hearing, the trial court revoked probation on September 7, 2012, and ordered that Appellant serve his sentence of six years with jail credits totaling one year and four days.

On November 26, 2012, Appellant filed a motion to suspend sentences. After a hearing, the trial court denied the motion because "there has been no significant change [] in his circumstances."

At the motion for suspended sentence hearing on December 14, 2012, Appellant admitted that he twice violated his probation. At the time of the hearing, he had served six months of jail time in the Rutherford County jail. During that time, he had been "working on his faith." He had served as trustee in the jail, had displayed good conduct, and avoided any disciplinary infractions while in jail.

Appellant testified that if he were released back on probation, he would go to his mother's house in Murfreesboro. The parties stipulated that his mother confirmed this. He was working on securing employment as an apprentice sheet metal worker. Appellant testified that he wanted to change and stop "being in and out of jail." He insisted that he would try harder to comply with the conditions of his probation if the balance of his sentence were suspended.

Following the hearing on Appellant's motion to suspend the balance of his sentence, the trial court denied the motion finding there was no change in circumstances warranting granting the motion.

<u>Analysis</u>

In this appeal Appellant raises four issues for review. First, he claims the trial court improperly limited his presentation of proof in his motion to suspend the balance of his sentence. Second, he claims the trial court improperly relied on the waiver included in the probation violation agreement entered on November 18, 2010. Third, Appellant claims the

trial court failed to make adequate findings when denying the motion. Last, Appellant argues he received ineffective assistance of counsel at the motion hearing. We will address each of these contentions *seriatim*.

## Limitation on Proof

At the outset it should be noted that appeals from the denial of a motion to suspend the balance of a sentence previously imposed are akin to proceedings under Tennessee Rules Criminal Procedure 35, *i.e.*, a motion for reduction of sentence. *State v. Ruiz*, 204 S.W.3d 772, 777 (Tenn. 2006). Thus, the trial court's determinations in both types of proceedings are reviewed under an abuse of discretion standard. *Id*. at 777-78. The key determination to be made as to whether the balance of a previously imposed sentence should be suspended pursuant to Tennessee Code Annotated section 40-35-306(c) is whether *post-sentencing circumstances* warrant a suspension of the sentence. *Id*. at 778.

In the instant case Appellant maintains he was unfairly limited by the trial judge in presenting proof of his suitability for full suspension of his sentence. It appears that at the Tennessee Code Annotated section 40-35-306(c) hearing Appellant tried to re-open matters taken up at the probation violation hearing that resulted in his incarceration. However, a transcript of that Tennessee Code Annotated section 40-35-306(c) hearing is not in the record on appeal. Thus, we are precluded from assessing what relevance, if any, the Tennessee Code Annotated section 40-35-306(c) hearing had at the probation violation hearing that is the subject of this appeal. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Moreover, from the record before us it appears that the trial court gave Appellant's counsel ample opportunity to present any evidence of post-sentencing circumstances that would warrant full suspension of Appellant's sentence. Appellant is not entitled to relief with respect to this issue.

## Use of Probation Violation Waiver

It appears from the record that as part of Appellant's agreement that he had violated the conditions of his probation, Appellant signed a waiver where he agreed to serve his sentence and not pursue the type of action under Tennessee Code Annotated section 40-35-306(c) that is the subject of this appeal. Appellant claims that the trial court erroneously relied on this waiver in denying the petition to suspend the balance of Appellant's sentence.

This Court has encouraged caution in the use of waivers such as the one in this case, however, we have never forbidden their use. *See e.g. State v. Lavon Lyn Nunnery*, No. M2006-01198-CCA-R3-CD, 2007 WL 1987795 at *3 (Tenn. Crim. App. at Nashville, July

10, 2007); *State v. Daven De Carlo Turner*, No. M2006-02522-CCA-R3-CD, 2007 WL 1953000 at *2 (Tenn. Crim. App. at Nashville, June 27, 2007).

Nevertheless, it appears that the trial court did not base its decision solely on the basis of the waiver signed by Appellant. The trial court explicitly and repeatedly requested proof of post-sentencing changes in circumstances that would warrant suspending the balance of Appellant's sentence. When none was forthcoming, the trial judge denied Appellant's petition. This issue is without merit.

## Change in Circumstances

Appellant claims his circumstances following probation revocation have sufficiently changed so that the trial court erred in denying his motion to suspend sentence. This Court is hamstrung in its ability to review this issue due to the absence of a transcript of the probation violation hearing. As noted previously, the primary question to be determined in an action such as the instant case is whether a change in circumstance following probation revocation warrants a suspension of the balance of the sentence. *Ruiz*, 204 S.W.3d at 778. Without a record of the revocation proceeding it is difficult, if not impossible, to compare Appellant's circumstances at the time of revocation to those attendant at the time of his motion to suspend was heard. Under these circumstances, this issue has not been properly preserved for appeal. *Ballard*, 855 S.W.2d at 560-61.

Nevertheless, from the incomplete record presented it appears the trial court denied the motion based on a finding that there was no change in circumstance that warranted a suspension of the balance of Appellant's sentence. The trial judge stated:

> A motion was filed in November asking that [Appellant] be granted a suspended sentence. The Court finds that no basis to suspend the sentence at this time. No significant change in circumstances or significant change to cause the Court to reverse its decision entered in September, and would deny the motion at this time.

Based on the record before us, it appears the trial court applied the correct legal standard for cases such as this, and we can find nothing in this record to contradict the lower court's findings. This issue is without merit.

## Trial Court's Findings

Appellant argues that the trial court should have placed more detailed findings on the record to support its decision. While such detailed findings by a trial court typically are

helpful to an appellate court, there is no requirement in cases such as this that trial courts make such findings and place them on the record. Tennessee Code Annotated section 40-35-306 has no such requirement and neither does any other statute to which we have been directed. This issue is without merit.

## Ineffective Assistance of Counsel

Finally, Appellant argues that his counsel at the hearing on the motion to suspend sentence was ineffective in failing to present sufficient proof of a post-sentencing change of circumstances to sustain the motion to suspend.

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Constitution of Tennessee guarantee on accused in a criminal case the right to the effective assistance of counsel.

To succeed on a claim of ineffective counsel, the defendant must establish by clear and convincing evidence that trial counsel was deficient. The defendant must further show that, but for the deficient performance, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 687, (1984); T.C.A. § 40-30-210(f). The defendant must prove both deficient performance and prejudice to succeed on a claim on ineffective assistance of counsel. *State v. Burns* 6 S.W.3d 453, 461 (Tenn. 1999). "[T]he practice of raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." *State v. Blackmon*, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001).

We have not been directed to any case holding that there is a right to effective assistance of counsel at a motion to suspend the balance of a sentence ordered into effect following probation revocation. However, even assuming such a right exists, Appellant has failed to show counsel was ineffective at the suspension hearing. Appellant claims that counsel at the hearing should have offered "relevant evidence" of Appellant's changed circumstances. Yet there is nothing in this record to indicate what that "relevant evidence" would have been or even that it exists. Under these circumstances we will not find counsel ineffective.

## Conclusion

Based on the foregoing, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE