IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2014

**TERESA DEION SMITH HARRIS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henry County**
**No. 12080      C. Creed McGinley, Judge**

**No. W2014-01020-CCA-R3-ECN  - Filed January 16, 2015**

Petitioner, Teresa Deion Smith Harris, appeals the denial of her petition for writ of error coram nobis.  In the circuit court, petitioner raised a claim of newly discovered evidence relating to the timing of the victim's death and the degree of torture that he endured.  The coram nobis court summarily denied the petition.  Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Teresa Deion Smith Harris, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Hansel Jay McCadams, District Attorney General; and Beth Boswell Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

In the appeal from the denial of a previous petition for error coram nobis, this court provided a brief synopsis of the facts developed at trial:

The Petitioner was convicted of first degree felony murder and sentenced to life without the possibility of parole for her role in the death of nineteen-year-old Dennis Brooks, Jr.  The Petitioner and her co-defendants, Walter Smothers and Stacy Ramsey, decided to stop and steal a vehicle after

their vehicle broke down. The Petitioner flagged down a vehicle driven by the victim, and the trio overcame the victim. The victim was kidnapped, beaten, shot, stabbed, murdered, and mutilated. The Petitioner admitted to pressing the victim's excised heart against her lips and stabbing the victim once but otherwise denied participating in the mutilation.

*Teresa Deion Smith Harris v. State*, No. W2012-00540-CCA-R3-CO, 2012 WL 3457797, at *1 (Tenn. Crim. App. Aug. 15, 2012), *no perm. app. filed*, (citing *State v. Harris*, 989 S.W.2d 307, 309-11 (Tenn. 1999)). This court affirmed petitioner's conviction and sentence, *State v. Teresa Deion Smith Harris*, No. 02C01-9412-CC-00265, 1996 WL 654335 (Tenn. Crim. App. Nov. 12, 1996), *perm. app. granted* (Tenn. June 8, 1998), and our supreme court affirmed after finding harmless error in application of one of two aggravating circumstances. *Harris*, 989 S.W.2d at 316.

Petitioner subsequently filed a petition for post-conviction relief asserting newly discovered evidence and ineffective assistance of counsel, which was denied by the post-conviction court. This court affirmed the denial of post-conviction relief. *Teresa Deion Smith Harris v. State*, No. W2000-02611-CCA-R3-PC, 2001 WL 892848 (Tenn. Crim. App. Dec. 17, 2001), *no perm. app. filed.* She then filed her first petition for writ of error coram nobis in August 2011, which was summarily dismissed by the coram nobis court. This court affirmed the denial of relief on appeal. *Teresa Deion Smith Harris v. State*, 2012 WL 3457797, at *3.

Petitioner filed the instant petition for writ of error coram nobis on February 11, 2014. It was summarily dismissed by the coram nobis court, and this appeal follows.

II. Analysis

A. Standard of Review

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). To demonstrate that she is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

First, the petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)).

Next, a petition for writ of error coram nobis must generally be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103. Petitioner's judgment became final on May 7, 1994. *See Mixon*, 983 S.W.2d at 670 (in contrast with post-conviction proceedings, in error coram nobis proceedings, the statute of limitations begins to run when the judgment becomes final, which is thirty days after entry). Petitioner filed the instant petition for writ of error coram nobis on February 11, 2014; however, our disposition of this matter does not necessitate an analysis of whether due process principles require tolling of the statute of limitations. *See Harris*, 301 S.W.3d at 145.

## B. Petitioner's Claims

In sum, petitioner claims that the coram nobis court erred in failing to conduct an evidentiary hearing and by declining to review the coroner's report from trial and that the coram nobis court exhibited bias as demonstrated in the language of the order of dismissal.

All of the evidence that petitioner advances as newly discovered evidence relates to the timing of the gunshot wounds to the victim, which, she asserts, would negate a finding that the murder was torturous or heinous, atrocious, or cruel. She has presented affidavits of a witness from trial, Johnny Keith Noles, and her father, William L. Smith, who, along with petitioner's husband, Timothy McDonald, conducted an experiment designed to contradict Mr. Noles' trial testimony about the gunshots he heard on the night in question. Petitioner also presents an affidavit from Mr. McDonald, who claimed expertise in general physics based on his two years of engineering school and his military aviation training. He sought to discredit Mr. Noles' trial testimony using an algebraic equation.

All of this evidence, together with the coroner's report that petitioner asserts should have been reviewed by the coram nobis court, related to the timing of the gunshot wounds with respect to torture of the victim. However, in petitioner's direct appeal, our supreme court invalidated the application of Tennessee Code Annotated section 39-13-204(i)(5), the "especially heinous, atrocious, or cruel" aggravating circumstance. Her conviction was upheld based on a different aggravating circumstance. Because all of the proffered evidence pertained to the victim's suffering as embodied by the "(i)(5)" aggravating circumstance,

none of this evidence would have resulted in a different judgment had the evidence been admitted at the previous trial. *Freshwater*, 160 S.W.3d at 553.

Finally, petitioner claims that the coram nobis court exhibited bias through its written order summarily dismissing her petition. "A judge should grant a motion to recuse 'when the judge has any doubt as to his or her ability to preside impartially in the case or when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)). The decision whether to grant a motion for recusal is discretionary with the trial judge; however, the standard for recusal is objective. *Bean*, 280 S.W.3d at 805.

We note that petitioner failed to file a motion to recuse in the lower court before this case was appealed. Tennessee Supreme Court Rule 10B states, "Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion." Petitioner has waived this issue by failing to proceed as required in the coram nobis court or by failing to argue to this court why the doctrine of waiver should not be applied to her claim.

Because petitioner failed to establish that the proffered evidence would have resulted in a different outcome at trial and because she has not established bias on behalf of the coram nobis court, we affirm the coram nobis court's denial of relief.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the coram nobis court.

_____
ROGER A. PAGE, JUDGE