IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

**STATE OF TENNESSEE v. DAVID LYNN ZEIGLER**

**Appeal from the Circuit Court for Maury County**
**No. 22891     Russell Parkes, Judge**

_____

**No. M2017-01091-CCA-R3-CD**
_____

TIMOTHY L. EASTER, J., dissenting.

I respectfully dissent. I cannot find the trial court abused its discretion by limiting the cross-examination of the State's expert witness.

There was never any issue at trial and there is now no issue on appeal that Dr. Walker was not qualified as an expert witness under Tennessee Rule of Evidence 702. Indeed, the proof at trial involved several experts who possessed "scientific, technical, or other specialized knowledge" that the trial court determined would "substantially assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* The only issue with regard to Dr. Walker's testimony was related to challenging the credibility of his testimony by discussing the consent order and/or his license's probationary status. The trial court determined that Defendant would not be permitted to cross-examine Dr. Walker about his prior cocaine use or the consent order because neither was related to the truthfulness of Dr. Walker's testimony or his ability to effectively evaluate the victim's capacity to consent. In so finding, the trial court performed a sufficient evidentiary analysis under Rules 402, 403, and 608 of the Tennessee Rules of Evidence. The trial court's findings were properly made a part of the record for this Court's review.

When making evidentiary determinations, a trial court is first tasked with determining if the evidence meets the threshold requirement of relevancy. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Relevant evidence is admissible unless it is barred by some other rule of law. Tenn. R. Evid. 402. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403. Even if it is relevant, "[e]vidence of a person's character

or trait of character is not admissible for the purpose of proving action in conformity therewith." Tenn. R. Evid. 404(a). Rule 608(b) provides an exception to Rule 404(a) by allowing inquiry into specific instances of conduct that are probative of the witness's truthfulness or untruthfulness on cross-examination. *See* Tenn. R. Evid. 404(a)(3). This Court will not interfere with the trial court's exercise of discretion over the admissibility of evidence absent an abuse of discretion. *State v. Franklin*, 308 S.W.3d 799, 809 (Tenn. 2010). "An abuse of discretion occurs when the trial court applies an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006)). "The abuse of discretion standard is intended to constrain appellate review and implies 'less intense appellate review and, therefore, less likelihood of reversal.'" *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000) (quoting *BIF v. Serv. Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *2 (Tenn. Ct. App. July 13, 1988)).

On appeal, Defendant does not cite any authority to support the contention that an expert witness is somehow "untruthful" because they were treated for cocaine addiction and/or admitted to unprofessional conduct as a result of cocaine addiction, both of which occurred prior to the evaluation of the victim in this case. *See State v. Larkin*, 443 S.W.3d 751, 811-12 (Tenn. Crim. App. 2013) (holding that trial court did not err in excluding evidence that expert witness omitted a reprimand from his CV where the reprimand was unrelated to litigation at issue and did not affect qualifications of the expert); *cf. Miller v. SSM Health Care Corp.*, 193 S.W.3d 416, 419-21 (Mo. Ct. App. 2006) (determining trial court properly allowed defense counsel to cross-examine plaintiff's expert about censure he had received for making false representations as an expert). At the hearing on the motion in limine, Dr. Walker explained at length his history of addiction and the events which led to his inpatient drug rehabilitation and the eventual entry of the consent order. At no point did either side allege or elicit testimony that Dr. Walker's problems affected his professional ability to perform evaluations or make conclusions therefrom. The evaluation of the victim occurred after Dr. Walker's treatment, at a time when he was sober and actively practicing forensic psychology. I fail to see how Dr. Walker's past cocaine addiction or the consent order pertains to Dr. Walker's character for truthfulness such that Defendant should be permitted to question him about it at trial. Furthermore, even if I did conclude that such evidence was admissible, I could not conclude that the trial court abused its discretion in excluding this evidence as it could not be said that the trial court "stray[ed] beyond the applicable legal standards or . . . fail[ed] to properly consider the factors customarily used to guide the particular discretionary decision." *Lewis*, 235 S.W.3d at 141. Said another way, even if the trial court had allowed the evidence, and the State was now complaining about its admission, I could not find that the trial court abused its discretion by allowing Defendant to question Dr. Walker's about his addiction history, the consent order, and the status of his license. The abuse of discretion standard is just that protective of a trial judge's rulings.

Consequently, Defendant was not improperly denied the right to cross-examine the witness, and there was no violation of Defendant's constitutional rights.  I would affirm the trial court in full.


_____

TIMOTHY L. EASTER, JUDGE