IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 16, 2014

**RICHARD LYNN NORTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Greene County**
**No. 13CR535      John F. Dugger, Jr., Judge**

---

**No. E2014-01033-CCA-R3-ECN - Filed September 25, 2014**

---

According to petitioner, Richard Lynn Norton, in 1990, he pleaded guilty to escape and to a violation of the Motor Vehicle Habitual Offenders Act. Subsequently, he filed the instant petition for writ of error coram nobis in 2013, claiming that the Tennessee Supreme Court's decision in *State v. Walls*, 62 S.W.3d 119 (Tenn. 2001), constitutes newly discovered evidence that renders his escape conviction void. The coram nobis court summarily dismissed the petition. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Richard Lynn Norton, Russellville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Ritchie Dale Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner filed the instant petition for writ of error coram nobis on September 23, 2013. The coram nobis court entered its order denying the petition on May 16, 2014. Petitioner filed a timely notice of appeal on May 28, 2014.

In this appeal, petitioner argues that *State v. Walls*, in which the Tennessee Supreme Court stated that "flight from the rear of a police patrol car does not constitute escape from a penal institution under Tenn. Code Ann. § 39-16-605," constitutes newly discovered

evidence. *State v. Walls*, 62 S.W.3d 119, 123 (Tenn. 2001). He argues that *Walls* renders his escape conviction void because his conviction was based on his "running around a police car in handcuffs." However, petitioner has failed to attach his indictment, any relevant transcripts, or his judgments of conviction to establish the factual basis underlying his convictions. Petitioner also argues that the coram nobis court erred by summarily dismissing his petition without appointing counsel and conducting an evidentiary hearing.

The decision to grant or deny a petition for writ of error coram nobis on its merits is left to the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)). The writ of error coram nobis is an "extraordinary procedural remedy . . . into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Our legislature has limited the relief available through the writ:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b). To demonstrate he is entitled to coram nobis relief, petitioner must clear several procedural hurdles.

First, the petition for writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 1995) (citing *State v. Hart*, 911 S.W.2d 371, 374-75 (Tenn. Crim. App. 1995)).

Next, a petition for writ of error coram nobis must generally be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103. When a petition is filed outside of the statute of limitations, the coram nobis court must determine whether due process requires tolling. *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010). In doing so, the "court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." *Id*. (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). A court should utilize the following three-step analysis to balance the competing interests:

(1)     determine when the limitations period would normally have begun to run;

(2)     determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3)     if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (quoting *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995)).

Petitioner argued that there was no statute of limitations for his claim because his judgment is void;[1] however, the State raised the statute of limitations as a bar on petitioner's claim. The coram nobis court denied the petition as time-barred, finding that "approximately twenty-four (24) years have passed since Petitioner entered his plea to Escape" and determining that the statute of limitations had not been tolled. Initially, we note that limitations period expired in 1991,[2] one year after petitioner's guilty plea was final. Petitioner filed his petition for writ of error coram nobis on September 23, 2013; therefore, it was filed well outside the one-year statute of limitations. Based on the record before this court, the staleness of petitioner's claim, and the other available remedies for void

---

[1] It appears that petitioner conflates error coram nobis relief based on newly discovered evidence, for which there is a one-year statute of limitations, with habeas corpus relief for void judgments and/or procedural relief for illegal sentences under Tennessee Rule of Criminal Procedure 36.1, for which there are no statutes of limitation. Petitioner has only sought coram nobis relief; therefore, we will not address habeas corpus or procedural relief.

[2] While petitioner has failed to attach a copy of the final judgment or a transcript of his guilty plea submission hearing, both the TOMIS report attached to the petition and the coram nobis court's order state that petitioner's plea was entered on February 6, 1990.

convictions, we conclude that petitioner has not shown that due process should toll the application of the statute of limitations.

Furthermore, even if tolling of the one-year statute of limitation were to apply, a defendant must still be "reasonably diligent in discovering the new evidence" and presenting the claim. *Wlodarz v. State*, 361 S.W.3d 490, 499 (Tenn. 2012) (citations omitted). Petitioner failed to exercise this due diligence because *Walls* was published in 2001, yet petitioner did not discover the *Walls* decision until September 19, 2013, and did not challenge his conviction until September 23, 2013. Therefore, the coram nobis court properly dismissed the petition as time-barred.

In addition, even if the petition were not time-barred, we cannot reach the merits of petitioner's argument regarding the application of *Walls* because petitioner failed to include either the indictment or the transcript of his guilty plea submission hearing to prove the circumstances underlying his conviction. Without such information, it is impossible for this court to determine if *Walls* applies to appellant's conviction. "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)).

Petitioner simply has not raised viable claims of new evidence that required the coram nobis court to appoint counsel and to conduct an evidentiary hearing. *See Harris*, 301 S.W.3d at 153-54 (Koch, J., concurring). The coram nobis court did not abuse its discretion in summarily dismissing the petition without an evidentiary hearing.

## CONCLUSION

Upon review of the record and the prevailing legal authorities, we affirm the judgment of the coram nobis court.

_____
ROGER A. PAGE, JUDGE