IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 17, 2015


**STATE OF TENNESSEE v. JEREMY DEWAYNE COOPER**


**Appeal from the Circuit Court for Madison County**
**No. 15-12     Roy B. Morgan, Jr., Judge**

_____


**No. W2015-00914-CCA-R3-CD  -  Filed February 5, 2016**

_____


The defendant appeals the revocation of his community corrections sentence and the trial court's order that he serve the remainder of his sentence in prison. After a thorough review of the record and the applicable law, we discern no abuse of discretion, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ., joined.

George Morton Googe, District Public Defender; and Jeremy B. Epperson, Assistant District Public Defender, for the Appellant, Jeremy Dewayne Cooper.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On February 9, 2015, the defendant pled guilty in Case No. 15-12[1] to driving on a revoked license as a repeat offender, failure to use a safety belt, misdemeanor possession of cocaine, and tampering with evidence. The defendant was sentenced to serve eleven months and twenty-nine days for the misdemeanor possession and the driving violation, and he was given a fine for the seatbelt violation. The defendant's eight-year sentence for tampering with evidence, a Class C felony, was to be served on community corrections. On April 13, 2015, the defendant's probation officer swore an affidavit stating that he had reason to believe the defendant had violated the terms of his probation by failing to pay his fines and because he was arrested and charged with possession of marijuana with the intent to sell or deliver and with possession of drug paraphernalia.

At the revocation hearing, Officer Jarod Cobb testified that on April 9, 2015, he was assisting the probation and parole division with home checks and that he came to the defendant's address to conduct a check on an unrelated individual who resided there. The defendant, his mother, and his brother were also present during the check. The defendant was sitting on a love seat. Officer Cobb asked him to stand and discovered several individual baggies of marijuana, which appeared to be packaged for resale, under the cushion on which the defendant had been sitting. Officer Cobb testified that the defendant acknowledged that the marijuana belonged to him. On cross-examination, he testified that drug paraphernalia, in the form of a "grinder," was also found next to the love seat and that the defendant was charged with its possession even though he did not claim ownership.

The defendant testified that he was innocent of the new charges. He testified that he shared a one-bedroom apartment with his brother and that he, his brother, their mother, and their mother's boyfriend were in the apartment the day of the search. Someone banged on the door to conduct a check on the defendant's mother's boyfriend. The defendant testified that his mother's boyfriend was not on the lease. The defendant denied that he acknowledged ownership of the drugs to Officer Cobb. The defendant testified that he did not know who owned the marijuana or paraphernalia. The defendant immediately reported the incident to his probation officer, leaving repeated messages because his probation officer was out of town. He testified that when he was able to speak with his probation officer, his probation officer advised him to get a job and his own apartment. The defendant stated that he was employed within thirty days of the conversation.

---

[1] The defendant apparently also pled guilty as part of this plea agreement to another count of driving on a revoked license in Case No. 15-13, but the documents related to that case, with the exception of the request to enter a guilty plea, are not a part of the record. A charge of violation of the financial responsibility law in Case No. 15-12 was dismissed.

The defendant's probation officer, Wes Henley, testified that the defendant immediately reported the incident, leaving him several messages. He testified that the defendant reported that he was employed at a fast-food restaurant and that the defendant had passed all his drug screens.

The trial court noted that the defendant had not been on probation long when he was charged with the new offenses. The trial court specifically weighed the credibility of the defendant's testimony against Officer Cobb's, and it found that the State had established by a preponderance of the evidence that the defendant violated his probation. The trial court referenced prior marijuana convictions in 2012 and "numerous" other convictions. The defendant asked for the mercy of the court, highlighting that his crimes were nonviolent and that he was "trying to make progress." The trial court revoked the defendant's probation and ordered him to serve the remainder of his sentence in prison. The defendant appeals the revocation.

## ANALYSIS

A trial court's decision regarding the revocation of a community corrections sentence is reviewed under the same principles as the revocation of probation. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of probation will not be reversed unless the appellate court finds that the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). A trial court abuses its discretion only when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010); *see also State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). In the context of probation revocation, this court has previously held that a revocation may only be overturned if "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred."[2] *Harkins*, 811 S.W.2d at 82. It is clear that proof of the violation must be adequate to allow the trial judge to "make a conscientious and intelligent judgment" regarding whether the defendant's actions violated the terms of his probation. *Harkins*, 811 S.W.2d at 82. On review, the trial judge's factual findings in a probation revocation proceeding carry the weight of a jury verdict. *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). Furthermore, "the credibility of the witnesses is for the determination of the trial judge, who is in the best position to observe witness demeanor." *Id.*

---

[2] This court has called into question the continued applicability of the "no substantial evidence language," noting the fact that, since the decision in *Harkins*, the Sentencing Act has been amended to specify the burden of proof as by a preponderance of the evidence. *See*, *e.g.*, *State v. Farrar*, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011) (applying the standard but questioning its continued relevance).

The guilt of a probationer has already been decided, and accordingly, "the full panoply of rights due a defendant" does not apply to a revocation hearing. *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993). The trial court need only find a violation of the terms of probation by a preponderance of the evidence, and on doing so, it may revoke the probation and order the defendant to serve the judgment as originally entered. T.C.A. § 40-35-311(e)(1)(A) (2010). When the violation is only "a technical one and does not involve the commission of a new offense," the trial court may also impose a community-based alternative sentence after revocation. T.C.A. § 40-35-311(e)(1)(B). The trial court's decision regarding the consequence of a violation of probation, including a decision to order the sentence to be served in confinement, is reviewed for abuse of discretion. *State v. Patsy Lynn McCoy*, No. M2011-00006-CCA-R3-CD, 2011 WL 6916227, at *3 (Tenn. Crim. App. Dec. 28, 2011) (citing *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999)). "'[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Juan Manuel Coronado, II*, No. E2010-01058-CCA-R3-CD, 2011 WL 704543, at *3 (Tenn. Crim. App. Mar. 1, 2011) (quoting *State v. Jeffrey A. Warfield*, No. 01 C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)).

Here, the trial court, entrusted with determinations of witness credibility, credited Officer Cobb's testimony and found by a preponderance of the evidence that the defendant possessed the marijuana in violation of the terms of his community corrections sentence. Under statute, the trial court then had the discretion to order the defendant to serve the term of his original sentence in confinement. T.C.A. § 40-35-311(e)(1)(A). We discern no abuse of discretion and accordingly affirm the judgment.

## CONCLUSION

Because the imposition of the defendant's original prison term was within the trial court's discretion, we conclude there was no error.

_____
JOHN EVERETT WILLIAMS, JUDGE

4