IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

## STATE OF TENNESSEE v. MARCUS HAMPTON

**Appeal from the Criminal Court for Shelby County**
**Nos. 12-05590, 12-05591    Lee V. Coffee, Judge**

_____

**No. W2015-00780-CCA-R3-CD  -  Filed August 8, 2016**

_____

The Defendant, Marcus Hampton, appeals from the Shelby County Criminal Court's denial of his petition to suspend the remainder of his effective four-year workhouse sentence for his convictions of aggravated assault and evading arrest. Because he has failed to show facts supporting an alteration of the sentence in the interest of justice, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Gerald S. Green (on appeal) and Eugene Belenitsky (at hearing), Memphis, Tennessee, for the appellant, Marcus Hampton.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy Weirich, District Attorney General; Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In case number 12-05590, the Defendant was charged with aggravated assault. In case number 12-05591, he was charged with evading arrest in a motor vehicle and with resisting arrest. On December 19, 2013, he entered a "best interest" plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to the aggravated assault and evading arrest charges, and the evading arrest judgment notes that a nolle prosequi order was entered to the resisting arrest charge. He received an effective sentence of four years to serve at 30%. At the time of sentencing, the trial court denied his request for probation and ordered that he serve his sentence in the Shelby County Workhouse. On January 14, 2015, the Defendant filed a petition to suspend the remainder of his sentence. He alleged

that he had been incarcerated for over eight months and had reevaluated his priorities and "bad habits."

At the hearing on the petition, the thirty-two-year-old Defendant testified that he had been incarcerated for fourteen months. He said he would like to receive drug treatment. He said he took medication for bipolar disorder and schizophrenia. He acknowledged his having received numerous disciplinary write-ups during his incarceration for abuse of telephone privileges, absence from assigned work area, disobeying an order, "refusal/positive drug screen," and fighting. He said the disciplinary write-ups occurred when he was not receiving his psychiatric medication. He said that his psychiatric conditions caused him to act out when he was not medicated but that the medication helped him remain calm. With regard to the disciplinary matter involving a drug screen, he said specimen cups were reused and the results were not reliable. He stated that he provided a sample but that it was not tested and said he could pass a drug screen on the date of the hearing. He said a write-up for abuse of telephone privileges was dismissed in an appeal because he was not the person who committed the infraction. He also said that the correctional officers "will write you up for anything" and that they would issue a write-up to him even if someone else committed the infraction.

The Defendant acknowledged having had difficulties with other inmates and said he was in protective custody because he had refused to join a gang. The Defendant said he had "learned his lesson" and assured the trial court repeatedly that he would do whatever the court instructed if he were released from incarceration, including attending classes, receiving treatment, being monitored, and submitting to drug tests. He said he wanted to be a productive citizen and to be a father to his children.

The Defendant acknowledged that he had been incarcerated for previous offenses and that he had prior convictions for violent felonies. He acknowledged that his prior convictions included facilitation of voluntary manslaughter and robbery. The trial court noted twenty-three prior misdemeanor convictions as well as additional prior convictions for unlawful weapon possession, multiple drug offenses, evading arrest, theft, multiple driving offenses, and resisting arrest. The court noted juvenile adjudications for aggravated assault and weapon possession.

The Defendant acknowledged that he had requested probation at his sentencing hearing but truthfully told the trial court he could not pass a drug screen that day. He acknowledged when he had been released on bond in an earlier stage of his cases, he failed to appear or was late for court three times and tested positive for marijuana. He agreed that he applied to Project Jericho and that he had been determined not to be a favorable candidate for the program. He disagreed with the official assessment that he

only wanted to enroll in Project Jericho to appease the court and said he thought the program would help him with his mental illness. He testified initially that he had not met with the parole board, but upon further questioning, he said he had not understood a question and acknowledged he met with the board several months earlier but was denied parole.

The trial court stated that it had reviewed "the entirety of [the Defendant's] history before the court," including the presentence report, the latter of which is not in the appellate record. The court noted the Defendant's previous poor performance with the conditions of release on bond and a bond revocation due to a new arrest. The court noted that despite the Defendant's previous assurances he would not use drugs if the court again released him on bond, the Defendant later violated the conditions of his bond, as evidenced by a failed drug test. The court noted that the Defendant's disciplinary record during incarceration was one of the worst it had seen. The court stated that due to the Defendant's history of violent offenses, he was not a candidate for community corrections. The court likewise noted that the Defendant's juvenile delinquency history began at age nine and that the Defendant had been "in and out of jail, basically, all of his life." The court found that the Defendant did not comply with court orders both on release and when incarcerated. The court observed that the representative of Project Jericho who evaluated the Defendant for the program tried to help everyone he possibly could and noted the representative's assessment of the Defendant as not being serious about rehabilitation and treatment. The court also noted the parole board's disinclination to release the Defendant on parole. The court remarked relative to a notation in the special conditions section of the judgment forms, "OK PSS, NO PSRS," that the plea agreement permitted the Defendant to request probation but prohibited him from petitioning for suspension of the remainder of the sentence. The court found that the Defendant failed to show his suitability for probation and denied the petition to suspend the remainder of the sentences.

On appeal, the Defendant contends that the trial court erred in denying his petition to suspend the remainder of his sentences and that the court should have placed him on probation with outpatient mental health treatment, supervision, and monitoring. The State contends that the trial court did not err. We agree with the State.

Tennessee Code Annotated section 40-35-314(c) (2014) provides, in pertinent part, that relative to jail and workhouse sentences, "The court shall retain full jurisdiction over the defendant during the term of the sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible." In determining whether to grant a petition to suspend a sentence, the trial court's inquiry is "whether post-sentencing information or developments have arisen to warrant an

alteration in the interest of justice." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). A trial court's ruling on a petition to suspend a sentence of confinement pursuant to section 40-35-314(c) is reviewed for an abuse of discretion. *See id.* at 776-77, n.3. "A trial court abuses its discretion by applying an incorrect legal standard or reaching an illogical or unreasonable decision that causes the complaining party to suffer an injustice." *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006) (citing *Brown v. Crown Equip. Corp.*, 181 S.W.3d 268 (Tenn. 2005)).

In the present case, the Defendant argues, in part, that the trial court failed to account for the Defendant's need for mental health treatment by considering the testimony of a mental health expert regarding recommendations for an outpatient treatment program for the Defendant. The Defendant failed to offer this proof. As the moving party, he had the burden of proving his claims. In this regard, we note the general principle that a defendant bears the burden of proving his suitability for probation. *See* T.C.A. § 40-35-303(b) (2014).

We turn to the proof that was offered at the hearing. The Defendant testified that he had been confined to the workhouse for fourteen months, during which time he had incurred several disciplinary infractions. His criminal history was extensive, and he had failed to comply with the conditions of release on bond on several occasions before his present confinement. He was evaluated for participation in Project Jericho, but he was not accepted because the evaluator thought the Defendant was not sincere in his desire for rehabilitation and merely wanted to be released from confinement.

The Defendant argues that his drug use and mental health history have fueled his criminal behavior and that his needs could be addressed through probation coupled with mental health treatment, supervision, monitoring, and drug rehabilitation. He has failed to show, however, any additional information or developments since the time of sentencing to support suspension of the sentence. *See Ruiz*, 204 S.W.3d at 778. To the contrary, the hearing evidence shows that although the Defendant has received medication during at least some of his confinement, he has not complied with the workhouse rules and is a poor candidate for a sentence not involving incarceration. The trial court did not abuse its discretion in denying the petition to suspend the sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-