IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2018

## STATE OF TENNESSEE v. ANDREW MCMURRAY, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2015-I-678, 2016-I-30     Steve Dozier, Judge**

_____

### No. M2017-01139-CCA-R3-CD
_____

The Defendant, Andrew McMurray, Jr., appeals the revocation of his community corrections sentence and the trial court's order that he serve the remainder of his sentence in prison. After a thorough review of the record and the applicable law, we discern no abuse of discretion, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the Appellant, Andrew McMurray, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

On August 26, 2015, the Defendant pleaded guilty to possession of less than 0.5 grams of cocaine with intent to sell, and the trial court imposed a sentence of ten years to be served on community corrections. A violation warrant was issued one week later, alleging that the Defendant had violated the terms of his community corrections sentence by testing positive for marijuana and cocaine on August 31 and that the Defendant had admitted his drug use. While the Defendant was released on bond, he tested positive for drug use four additional times in the month of September. An amended violation warrant was issued on October 8, 2015, citing the four positive drug test results as well as the Defendant's failure to attend three scheduled substance abuse classes. One week later, a

second amended violation warrant was issued, alleging that the Defendant had failed to report as scheduled since October 1 and was considered to be an absconder. On December 10, 2015, a third amended violation warrant was issued, alleging that the Defendant had been arrested on December 7 and charged with aggravated burglary and vandalism. The Defendant pleaded guilty to aggravated burglary on February 11, 2016, and was sentenced to serve three years through the community corrections program.

On April 28, 2016, the trial court, finding that the Defendant had violated the terms of his community corrections sentence, ordered the Defendant to serve one year in prison and the remainder of the sentence on community corrections and ordered the Defendant to complete a residential drug treatment program. The court stated that, upon proof of completion of the program, the Defendant could move for a suspended sentence and be reinstated to community corrections. In December, the Defendant filed a petition to suspend his sentence on the basis that he had completed his treatment program, and the trial court returned the Defendant to community corrections on March 3, 2017. Ten days later, the Defendant tested positive for cocaine, and a violation warrant was issued on March 21, 2017.

At the Defendant's April 19, 2017 revocation hearing, he conceded that he had purchased and used cocaine shortly after his March 3 release because he was "frustrated" over a disagreement with the operators of the halfway house regarding the amount of money required for him to stay there. The Defendant explained that he had "[t]urned to drugs" because it was the "only thing [he] knew to ease [his] mind." He insisted that, since his March 3 release, he had only used drugs on one occasion. He testified that he had a job waiting for him and that he wished to enter an outpatient treatment program to assist him with his substance abuse issues. On cross-examination, the Defendant acknowledged that he had previously been convicted of murder, aggravated burglary, and felony theft.

At the conclusion of the hearing, the trial court issued an order finding, by a preponderance of the evidence, that the Defendant had violated the conditions of his community corrections sentence and that the Defendant had "not shown a willingness or ability to comply with the terms of alternative release," noting his prior record as an example of his unwillingness to comply with the law. The court sustained the community corrections violation and placed the Defendant's sentence into effect, ordering incarceration and holding that the Defendant's three-year sentence for the 2015 aggravated burglary conviction be served consecutively to the remainder of his ten-year sentence for the 2015 drug conviction. The Defendant appeals the revocation.

# ANALYSIS

A trial court's decision regarding the revocation of a community corrections sentence is reviewed under the same principles as a revocation of probation. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation will not be reversed unless the appellate court finds that the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). A trial court abuses its discretion only when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010); *see also State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). The trial court may revoke probation if it finds by a preponderance of the evidence that a defendant violated a condition of his or her probation. T.C.A. § 40-35-311(e)(1); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). After the court finds that a defendant violated a condition of probation, the court may order the imposition of the original sentence, return the defendant to probation under modified conditions, or extend the probation for a period not exceeding two years. T.C.A §§ 40-35-310, -311(e), -308(a), (c).

Here, the Defendant does not contest the trial court's finding that he violated the terms of his alternative sentence, and we agree that the record supports the finding of the trial court. The Defendant admitted using cocaine. Thus, the trial court did not abuse its discretion in finding that the Defendant violated a condition of his community corrections sentence.

The Defendant contends that the trial court abused its discretion by "revoking the entire 13 year sentence after sustaining the violation." He argues that the weight of the evidence showed that the Defendant had obtained employment and was hopeful to return to a treatment program, evincing his desire to change his life for the better. The trial court, however, observed that the Defendant's violation indicated an unwillingness to comply with the terms of alternative sentencing. This was the Defendant's second probation violation, and the trial court previously imposed a sentence of split confinement. This court has repeatedly observed that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at \*2 (Tenn. Crim. App. Feb. 10, 1999); *see also State v. Marisa Ann Shrum*, No. E2014-00954-CCA-R3-CD, 2015 WL 537203, at \*3 (Tenn. Crim. App. Feb. 10, 2015). We conclude that the trial court did not abuse its discretion in ordering the Defendant to serve the remainder of his sentence in confinement. He is not entitled to relief.

- 3 -

**CONCLUSION**

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE