FILED

11/14/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 5, 2018

## STATE OF TENNESSEE v. LISA M. CHIBBARO

**Appeal from the Circuit Court for Madison County**
**No. 17-94     Roy B. Morgan, Jr., Judge**

_____

### No. W2017-01973-CCA-R3-CD

_____


Defendant, Lisa M. Chibbaro, appeals from the entry of an order denying her motion for modification of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. Following guilty pleas on May 8, 2017, Defendant was convicted of aggravated vehicular assault, two counts of aggravated assault, and driving under the influence of an intoxicant ("DUI"). Following a sentencing hearing conducted immediately after the entry of Defendant's guilty pleas, the trial court imposed a total effective sentence of ten years in the Tennessee Department of Correction. In denying Defendant's motion, the trial court found that there had not been a substantial and/or material change in circumstances since Defendant's guilty pleas that would allow a change of the sentence as previously imposed. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee (on appeal) and Mark Donahoe, Jackson, Tennesseee (at trial) for the appellant, Lisa M. Chibbaro.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Matt Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

At the guilty plea hearing, the State gave the following factual basis for Defendant's guilty pleas:

[O]n January 19, 2017, at approximately 5:45 p.m., Ms. Rachel Dooley was driving her 2004 Hyundai Elantra westbound on Vann Drive. Anna Mabry was riding as the front seat passenger, Abigail Sells was riding in the back seat. Ms. Dooley was driving on the inside lane on Vann Drive at the same time the Defendant [ ] was driving her 2005 Chevy Tahoe eastbound on Vann Drive. As the two vehicles approached each other in the area of Honeybaked Ham, [Defendant]'s vehicle suddenly jerked left into oncoming traffic causing a head-on collision with Ms. Dooley's vehicle. Ms. Dooley's vehicle suffered massive front-end damage and was totaled. Ms. Dooley was trapped in the vehicle and had to be removed from the vehicle by EMS workers. Ms. Dooley suffered a shattered femur, fractured fibula, broken kneecap, torn ligaments, broken right finger, tibial plateau fracture, face lacerations and a black eye. Ms. Sells suffered a broken foot and internal contusions. Ms. Mabry suffered heavy bruising on her left leg and arm, nerve damage on her right knee and bruising on the breastbone area, cuts on her arms and hands.

Your Honor, law enforcement officers with the Jackson Police Department arrived shortly after the crash occurred. Officer Kelly Mason made contact with [Defendant]. He observed several indicators of impairment, specifically the smell of the odor of alcohol coming from her person. She appeared lethargic and her eyes appeared to be bloodshot and watery. [Defendant] was transported to the Jackson-Madison County Hospital. A blood sample was obtained and sent to the TBI for testing. On February 13, 2017, the TBI issued a report stating that [Defendant]'s blood alcohol level was a .197 at the time of the crash. [Defendant] did commit this offense while having four prior DUIs, specifically in Madison County Circuit Court, conviction date of February 6th, 2006, Madison County Circuit Court on December 15th, 2003, Jackson City Court on March 16, 1999, and Jackson City Court on March 31st, 1998.

*Sentencing hearing*

At the sentencing hearing, Defendant's presentence report was entered into evidence. Officer Marvin Rodish, Jr., a criminal investigator for the Jackson Police Department, testified about his investigation of the crime scene. Officer Rodish took photographs of the vehicles involved, and those photographs were entered into evidence.

Abigail Sells testified that she and her friends had eaten out and had just left the restaurant to go shopping when the collision happened. She testified that traffic was "pretty heavy" at the time. Ms. Sells testified that she was in the backseat of Rachel Dooley's vehicle when a white SUV struck the vehicle, shattering glass and causing the car to spin around. She testified that when the vehicle stopped, she could not breathe or see. She tried to exit the vehicle, but she could not walk because her foot was broken. Ms. Sells testified that she "had to go on medication for depression and anxiety" after the incident.

Hannah Mabry was riding in the front passenger seat of the vehicle. She testified that Defendant's vehicle crossed into their lane and hit the front driver's side of the vehicle, causing it to spin around. Ms. Mabry testified that she and Ms. Sells were transported to the hospital by ambulance while Rachel Dooley was still trapped inside her car. Ms. Mabry suffered cuts and bruising, as well as nerve damage to her knee. She had also suffered anxiety and depression, for which she sought counseling.

Colleen Dooley, Rachel Dooley's mother, testified that the date of the incident "was the worst day of [her] life." She testified that her daughter was confined to a wheelchair as a result of the collision and required "constant care." Ms. Dooley had excessive work absences in order to care for her daughter. Ms. Dooley requested that the court impose the maximum sentence available to Defendant. She testified, "I have seen my daughter who was a very strong, determined, independent woman in some cases become like a scared little girl."

Rachel Dooley testified that "it was a little rainy and it was dark" at the time of the collision. She lost consciousness after the impact. She testified that she "was trapped under the dashboard of the car" and was removed from the vehicle by EMTs and transported to Vanderbilt Hospital. She suffered significant injuries to her left leg, including a shattered femur, a broken knee, a tibia plateau fracture, and a broken fibula, as well as damage to the ligaments in her knee. She also suffered a broken elbow and a broken finger. She underwent two surgeries for her leg injuries. She testified that she expected to be in a wheelchair for "a couple more weeks" and that her leg injuries might require an additional surgery. She testified that she was diagnosed with Post Traumatic Stress Disorder ("PTSD") and that she suffered night terrors and flashbacks. She had to

withdraw from college after the incident. She testified, "I'm not the same person, and I really feel like [Defendant] should serve the full sentence because there is absolutely no amount of jail time for what she did to me and what she's done to my family, and she also needs to get treatment because I would not wish this on anyone else."

Defendant gave the following allocution:

> I just want to apologize to the families, the immediate families, mom and dad, and I take full responsibility for it. I have no excuse for it. On the other hand, like the guy earlier, I have not learned my lesson but I need help because I continue to do this type of behavior. All I can say is I'm sorry.

At the conclusion of the hearing, the trial court inquired about Defendant's ability to pay restitution. Defendant stated that she owned no property, had no source of income, and had $250 in her bank account. The presentence report indicated that Defendant had debts in excess of $100,000. The trial court found that Defendant did not have ability to pay restitution. The court ordered an effective sentence of ten years in confinement.

*Analysis*

Defendant contends that the trial court abused its discretion by denying her motion for modification of sentence. The State responds that Defendant failed to allege any unforeseen, post-sentencing change in circumstances to support a modification of her sentence. We agree with the State.

Tennessee Rule of Criminal Procedure 35 provides, in pertinent part, "[t]he trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). However, "[t]he court may reduce a sentence only to one the court could have originally imposed." Tenn. R. Crim. P. 35(b). The trial court may deny Rule 35 relief without conducting a hearing. Tenn. R. Crim. P. 35(c). The right to appeal the trial court's grant or denial of Rule 35 relief is promulgated in the rule itself. Tenn. R. Crim. P. 35(d) ("The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.").

The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). The trial court abuses its discretion "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or

unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). Thus, Rule 35 relief is generally inapt when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *see Ruiz*, 204 S.W.3d at 778 (stating in dicta that the Rule 35 standard of review is "whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice").

In its order denying Defendant's motion, the trial court found that there "has not been a substantial and/or material change in circumstances since the Blind Plea [sic] entered on May 8, 2017, which would allow a change of the sentence previously imposed." Defendant argues that her willingness to pay $1,000 in restitution to the victims, which she asserted in her motion, constitutes a change in circumstances and that the trial court should grant some form of alternative sentencing to facilitate her payment of restitution. At the sentencing hearing, Defendant requested that the trial court impose an alternative sentence. Defense counsel argued,

> I would ask the Court to allow her to do as much as possible to be able to pay back as much as possible, and the only way to do that, the only way any money will be paid back is if she's not incarcerated for the full amount of time and the Court fashions some type of alternative sentence that would be appropriate in this case.

Defendant answered the trial court's inquiries about her ability to pay restitution at the sentencing hearing. Defendant's motion for modification of sentence does not allege that any of these circumstances have changed.

Defendant relies on the following language from the Massachusetts Supreme Judicial Court, which our supreme court cited with approval in *State v. Hodges*, 815 S.W.2d 151 (Tenn. 1991), and argues that her sentence was too harsh and a modification of her sentence is in the interest of justice:

> Occasions inevitably will occur when a conscientious judge, after reflection or upon receipt of new probationary reports or other information, will feel that he has been too harsh or has failed to give weight to mitigating factors which properly should have been taken into account. In such cases the interest of justice and sound judicial

administration will be served by permitting the trial judge to reduce the sentence within a reasonable time.

*Hodges*, 815 S.W.2d at 154 (quoting *District Attorney v. Superior Court*, 172 N.E.2d 245, 250-251 (Mass. 1961)).

Several cases interpreting Rule 35, including both cases of negotiated plea agreements and open plea agreements, require a defendant to show a post-sentencing change in circumstances that would justify the reduction or modification of a sentence per the standard set forth in *McDonald*. *See*, *e.g.*, *State v. Jamie Paul Click*, No. E2015-017690-CCA-R3-CD, 2017 WL 1189750, at *23 (Tenn. Crim. App. Mar. 30, 2017) (finding no abuse of discretion where trial court refused to reduce defendant's sentence after jury trial and subsequent sentencing hearing where defendant merely attempted to relitigate sentencing issues and failed to show evidence of a change in circumstance warranting a reduction of his sentence), *no perm. app. filed*; *State v. Misty Ann Miller*, No. M2016-01165-CCA-R3-CD, 2017 WL 478267, at *3 (Tenn. Crim. App. Feb. 6, 2017) (finding defendant's numerous mental and physical conditions, which were known at the time of entry of the negotiated plea, failed to constitute a change in circumstances warranting modification of an agreed-upon sentence), *perm. app. denied* (Tenn. May 18, 2017); *State v. Randall Evans*, No. E2015-018150-CCA-R3-CD, 2016 WL 4582499, at *4-5 (Tenn. Crim. App. Sept. 2, 2016) (finding trial court erred by considering proof presented prior to the entry of the judgment of conviction, namely at the sentencing hearing, in its disposition of the motion under Rule 35, but concluding that trial court did not abuse its discretion in denying relief because defendant failed to show "post-sentencing information or developments" arose warranting a reduction of the sentence), *no perm. app. filed*; *State v. Sabrina Howard*, No. W2014-02309-CCA-R3-CD, 2015 WL 8334629, at *3 (Tenn. Crim. App. Dec. 9, 2015) (denying relief because motion under Rule 35 was untimely and defendant failed to present trial court with evidence of a change in circumstances that would warrant suspension of remaining sentence), *no perm. app. filed*; *State v. Kristopher Lee Colbert*, No. M2012-00225-CCA-R3-CD, 2012 WL 5543520, at *4 (Tenn. Crim. App. Nov. 9, 2012) (determining trial court did not abuse its discretion in denying relief under Rule 35 after a sentencing hearing where the trial court sentenced defendant within the range and utilized proper sentencing procedure), *perm. app. denied* (Tenn. Mar. 5, 2013); *State v. Tianje R. Johnson*, No. M2010-01159-CCA-R3-CD, 2011 WL 5551677, at *7 (Tenn. Crim. App. Nov. 15, 2011) (finding no abuse of discretion in denial or relief under Rule 35 after an open plea where the defendant utilized "the same arguments and evidence submitted at the sentencing hearing"), *no perm. app. filed*; *State v. Hugo Mendez*, No. W2009-02108-CCA-R3-CD, 2010 WL 2836116, at *2 (Tenn. Crim. App. July 19, 2010) (deeming completion of rehabilitative services during incarceration was not the "type [ ] of 'unforeseen developments' which would serve as a basis for sentence modification"), *no perm. app. filed*; *State v. Herman*

*Sowell, Jr.*, No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *3-4 (Tenn. Crim. App. Mar. 17, 2010) (deciding that a spouse's health concerns did not justify modification of defendant's sentence), *no perm. app. filed*; *State v. William C. Osborne, Jr.*, No. M2008-00988-CCA-R3-CD, 2009 WL 1260238, at *3 (Tenn. Crim. App. May 7, 2009) (finding Defendant presented no proof of unforeseen, post-sentencing developments, except the violation of his own probation, that would warrant modification of his sentence), *no perm. app. filed*; *State v. Robert C. Payne*, No. M2006-01662-CCA-R3-CD, 2007 WL 92355, at *1-2 (Tenn. Crim. App. Jan. 11, 2007) (denying relief under Rule 35 based on finding that "health and family concerns were present at the time of sentencing"), *no perm. app. filed*; *State v. John Harvey Jennings*, No. M2006-02055-CCA-R3-CD, 2007 WL 2600541, at *2-3 (Tenn. Crim. App. Sept. 11, 2007) (determining that alteration of defendant's sentence was not proper in the interest of justice), *no perm. app. filed*.

Defendant did not set forth or even allege any post-sentencing developments that would justify a reduction of her sentence. Thus, the trial court did not abuse its discretion in denying Defendant's motion for modification of her sentence. Defendant is not entitled to relief.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE